IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CASE NO: 3:14-CR-808-MGL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **SENTENCING MEMORANDUM** |
| ) | |
| JEFFREY HENRY ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. HISTORY OF THE CASE

Mr. Henry is one of five co-defendants named in a twenty-count indictment which was filed in the District of South Carolina on April 21, 2014. In December 2015, Mr. Henry was found guilty on Counts 1, 4, 6, 14, 16, 18 and 20.

The Presentence Report ["PSR"] has been prepared and based upon a total offense level of 29 and a criminal history category of II, the guideline imprisonment range is 97 to 121 months (Zone D). Mr. Henry respectfully requests that this Court grant a variance sentencing the Defendant below the advisory guideline range, in consideration the factors set forth in 18 U.S.C. § 3553.

## II. THE COURT SHOULD CONSIDER THE RELEVANT FACTORS UNDER 18 U.S.C. §§ 3553(a) AND GRANT A DOWNWARD VARIANCE.

Judges are free to exercise significant discretion in imposing sentences below those called for under the Guidelines. Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007). Treating the Guidelines as advisory allows the Court to consider the

guideline range calculation as <u>one of many factors</u> in determining a sentence *no greater than necessary to achieve the goals of sentencing* set forth in 18 U.S.C. § 3553(a)(2).

### III.     THE § 3553(a) SENTENCING MANDATE

In determining the sentence minimally sufficient to comply with the purposes of sentencing as outlined in Section 3553(a)(2), the court considers several factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

<u>United States v. Eura</u>, 440 F.3d 625 (4th Cir. 2006). While district courts must "consider" the Guideline range, <u>United States v. Booker</u>, 543 U.S. 220, 245-46 (2005), the other factors are not subordinate to the Guidelines. Sentencing courts have a duty to consider many factors, even factors formerly prohibited by the guidelines, in determining the type of sentence that satisfies the mandate of § 3553(a). See <u>United States v. Abu Ali</u>, 528 F.3d 210 (4th Cir. 2008). The sentencing judge, after considering §§ 3553(a) and 3661 factors, has full discretion to sentence <u>anywhere</u> within the statutory range. Courts may impose a severe or more lenient sentence <u>as long</u> as the final sentence "is reasonable." <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008).

**A. HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Mr. Henry was born in April 1982 in Sumter, South Carolina to the union of Jefford Henry, Jr. and Linda Marie Henry. Mr. Henry and his sister, Makeisha Glover, were primarily raised in the Bishopville, South Carolina area. Mr. Henry graduated from Bishopville High School in 2000.

Since graduating from high school, Mr. Henry has demonstrated a tireless work ethic and commitment to completing hard work. For example, Mr. Henry has worked for his father's tow truck company, he reports to have a worked as a turkey farmer and, most recently, he has been employed by Flowers Baking Company where he has a delivery route.

Mr. Henry has never been married. Nonetheless, the record before the Court certainly indicates that he maintains a very close relationship with his parents, sister and her children.

**B.    HEALTH ISSUES**

Generally, Mr. Henry is in good health with no reported significant physical or mental issues.

**C.    THE CIRCUMSTANCES OF THE OFFENSE**

In general, Mr. Henry and his co-defendants were alleged to have engaged in a scheme to defraud the United States, banks and creditors. The Government alleged that Mr. Henry and others established fictitious trusts and filed fraudulent requests for overpayment of tax refunds. U.S. Probation claims that the intended loss of the tax refund "scheme" was $10,465,998.00 and the actual loss was $1,983,831.62.

Defendant has not disputed the "substance" of the allegations so much as he has maintained that there was no intent to commit a criminal act.

### D.    THE NEED FOR DETERRENCE

Deterrence of criminal conduct is one of the major considerations embodied in 18 U.S.C. § 3553. The judicial system is well-equipped to provide adequate means of deterrence for future criminal conduct. By the imposition of a less severe sentence than called for in the guideline range, along with a period of supervised release with special conditions, the Court can fashion a punishment for Mr. Henry which recognizes the offense while also providing an avenue for him to move forward with his educational and career goals such that he can be a productive member of society.

Any similarly situated individual would certainly be deterred from the conduct here if they gave any thought to the consequences of Mr. Henry's actions. He has been found guilty and faces the likelihood of going to prison for a substantial period of time. As a criminal offender, he has been labeled a felon which will be attached to any job application he ever files. As such, the collateral consequences are also severe. He has lost the right to vote, the right to serve on a jury, and upon his release, will face the daunting task of integrating into society again.

Through the imposition of detailed special conditions, the Court, with the assistance of the Probation Office, can certainly impose a sentence with adequate safeguards taking into consideration deterrence from criminal conduct.

### E.    THE NEED TO PROTECT THE PUBLIC

4

The need to protect the public from Mr. Henry is also one of the critical sentencing factors to be considered. Mr. Henry is not a hardened criminal with a long history of endangering public safety or putting anyone at risk. (*See* PSR ¶ 42-44, 88). Moreover, Mr. Henry is certainly not a physical threat to the public. It should be noted that Mr. Henry never caused any physical harm to anyone and does not need to be isolated from the community as a means of societal protection. It appears unlikely that the public needs to be protected from the likes of Mr. Henry in a manner that requires a lengthy term of incarceration.

### F.     THE NEED TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING OR MEDICAL CARE

As addressed in the PSR, Mr. Henry graduated from high school and has started college through the University of Phoenix. All indications are that Mr. Henry desires to return to his educational pursuits. (PSR ¶ 81). Nonetheless, if sentenced to a term of incarceration, it appears that he may benefit from some type of education and/or vocational training provided by the Bureau of Prisons.

### G.     THE KINDS OF SENTENCES AVAILABLE

Pursuant to 18 U.S.C. § 3553(a)(3), the Court, in determining the particular sentence to be imposed, should consider the kinds of sentences available. The Court has broad authority to structure sanctions and individualize a sentence. Effective punishment accomplishes several important goals of the criminal justice system; one goal is the rehabilitation and reintegration of a defendant back into society. Punishment too severe or harsh will frustrate the goal of returning a defendant to society at the appropriate time after a sufficient period of punishment has passed.

Because the guideline imprisonment range is in Zone D of the Sentencing Table, the minimum term of imprisonment must be satisfied by a sentence of imprisonment, however, the Court is free to vary to such a degree as to reduce the term of imprisonment.

Upon release, Mr. Henry has the chance to remain a productive member of society. He is a very intelligent young man and has indicated a desire to better himself through his continued educational pursuits. As such, it does not appear that this is an individual who needs, or deserves, a lengthy term of incarceration to satisfy the sentencing factors set forth in 18 U.S.C. §3553.

### H.     RESTITUTION

As reflected in the PSR, pursuant to 18 U.S.C. §3663(A), it appears that the restitution amount will likely be $1,998,831.62. (*See* PSR ¶ 104). As the Court is aware, the Defendant will be forfeiting substantial assets which are not encumbered. These assets are expected to be used to satisfy this restitution. For example, Mr. Henry will be forfeiting his residence at 24 Bouchet Court which has an estimated value of $284,000. (*See* PSR ¶ 86).

### I.     OTHER CONSIDERATIONS

As addressed herein, Mr. Henry faces an uphill battle trying to lead a productive life while being labeled a felon. Mr. Henry has not let this ordeal deter him from his efforts to better himself as he has maintained his goals and work ethic throughout the process. As such, it would appear that a sentence which imposed a lengthy term of incarceration would greatly hamper these efforts.

## IV.     CONCLUSION

Mr. Henry requests that the Court consider all of the factors set forth in his Memorandum, grant him a variance from the advisory guidelines and impose a sentence no greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

/S JASON P. PEAVY_____
Jason P. Peavy, Federal I.D. #7900
1720 Main Street, Suite 301
Columbia, South Carolina 29201
(803) 779-4857
E-mail: Jason@peavylaw.com
ATTORNEY FOR JEFFREY HENRY

Columbia, South Carolina

March 28, 2016

7